AUGUSTIN BERNAL et al., Respondents, v. JUAN PABLO BERNAL et al., Appellants.

No. 2144; April 12, 1870.

**Appeal—Effect of Dismissal by Consent.**—When the court, by consent of the parties, dismisses an appeal as to the subject matter, it cannot at the same time let it stand as to fees and expenses allowed to referees in the cause, such being merely incidental to the appeal from the judgment or final decree.

**Partition — Compensation of Referees—Appeal.**—If both the plaintiffs and defendants in a partition suit are dissatisfied with the compensation awarded by order to referees, and if they themselves are the only parties necessary to an appeal from the order, reversal can be had in the court above by confessing error in that respect, provided the order is an appealable one.

**Partition.**—The Notice of Appeal, in the case of a partition suit, is to be served on each one of the parties concerned, since in such suits each party is adverse to the other.

APPEAL from Third Judicial District, Alameda County.

Whiting & Naphtaly for respondents; Sharp & Lloyd for appellants.

TEMPLE, J.—This being an action for the partition of real estate, all the parties are actors, and each of the plaintiffs and defendants, other than the appellants, is an adverse party to the appellants, within the meaning of the three hundred and thirty-seventh section of the Practice Act. The transcript shows that the notice of appeal was not served upon all of the defendants, and the respondents have moved to dismiss the appeal.

This question was before us in the case of Senter v. Bernal (October Term 1869), in which we held that all of the parties, plaintiffs and defendants, were entitled to notice, each being an adverse party to each and all of the others. The appellants have filed a stipulation in this court, however, agreeing to dismiss the appeal so far as the same relates to and affects the decree of partition, leaving, as is supposed, the appeal from the order allowing the fees of the referees, and their costs and expenses. It is evident, however, that we cannot review the action of the court in that matter, except as a mere incident to the appeal from the final decree or judgment. No appeal is provided from the order itself, and if it were appealable, it is manifest that the only adverse parties to the appellants in that motion are the referees themselves.

The plaintiffs and defendants are all interested in having the allowance to the referees reduced, and if they are the only parties necessary to an appeal from that order (if it were appealable), they could easily procure a reversal here, by confessing error in that regard, and this course could be repeated as often as the district court should exercise its discretion in fixing the compensation of the referees.

Appeal dismissed.

We concur: Rhodes, C. J.; Sprague, J.

Crockett, J., and Wallace, J., having been of counsel, did not participate in the decision of this cause.